## A. STRAUS & CO., Appellant, v. W. T. SHAW, Appellee.

**Damages:** BREACH OF CONTRACT: PLEADING: EVIDENCE. In an action by a tenant against his landlord to recover damages for permitting the premises to be flooded with water, whereby the plaintiff's goods were damaged, the petition alleged that, in consideration of the compromise of a prior claim of the plaintiff from the same cause, the defendant agreed to remove the cause of said overflow, and in case he failed to do so he would pay the plaintiff all damages resultin therefrom in the future; that the defendant had failed to remove the water pipes causing said flooding, and that in consequence the plaintiff had been damaged in a sum named. *Held*, that the claim for damages as stated in the petition was based upon contract, and that evidence designed to establish a right of recovery for the torts of the defendant was properly excluded.

*Appeal from Jones District Court.*—HON. J. H. PRESTON, Judge.

MONDAY, JANUARY 25, 1892.

THE petition contains averments to the effect that the defendant, about the seventeenth of December, 1886, leased to the plaintiff company the first story of a certain building to be used as a retail dry-goods store, and that the same was afterwards occupied by the plaintiff as such, and that it had therein a valuable stock of goods; that thereafter the defendant, without the knowledge of the plaintiff, placed in the hall, in the second story of said building, and over the said store, water-pipes, and attached said pipes to the main pipes of the city water works, for the purpose of supplying the tenants of the second story of said building with water; that in consequence of the negligent manner of constructing the pipes—in certain particulars specified in the petition—the faucet through which water was to be drawn therefrom was by some person unknown left open, and the water escaped therefrom onto the floor

of the second story of the building, and through that onto the goods of the plaintiff, by which it suffered damage. The petition then proceeds as follows: "That, by reason of the facts hereinbefore stated, said plaintiff then and there demanded that defendant pay plaintiff the said damages so sustained; that, as a compromise and settlement of said claim, it was then and there verbally agreed by and between the plaintiff and said defendant that, in consideration of the plaintiff's said claim, defendant would remove said danger and hazard to plaintiff's said goods, by removing said pipe and faucet from said hall, or providing therein a safe and proper faucet and escape for the water flowing therefrom, and thus save plaintiff harmless from all such danger and hazard in the future, and, in case he failed so to do, he would pay plaintiff all damages resulting from water escaping from said faucet; and defendant then and there further agreed that, if any more damages resulted from water escaping from said faucet, he would pay said damages to plaintiff; and that plaintiff, relying on said agreement, did then and there remit and relinquish said damages. That after the making of said verbal agreement the said hall became vacant and unoccupied before April 20, 1889, and so remained for a number of months, yet the said defendant, wholly disregarding his said promise and agreement, wholly failed and neglected to remove said danger and hazard to plaintiff's said goods by removing said pipe and faucet from said hall, or providing a safe and proper faucet and escape pipe for the water flowing therefrom, or to in other manner remove or provide against said danger and hazard, and that, by reason of such neglect and failure on the part of said defendant, said faucet having been by some person unknown to plaintiff left open when there was no water pressure therein, a very large quantity of water escaped and flowed through said pipe and faucet on the night of April 20 and the morning of April 21, 1889, and

flooded the floor of said hall for about six hours with water to the depth of about six inches, and ran through the ceiling of said store-room and down the walls thereof, and all over said store-room, and onto and through said goods of said plaintiff, and along the counters, shelving, and floor of said room, thereby flooding with water the said goods, counters, shelving and floor, and thereby injuring, damaging, and destroying a large portion of said goods, and also the boxes and other appliances containing the same; and that thereby plaintiff was put to great labor and expense in removing said goods from said store-room, and in attempting to dry them and lessen the damage to said goods, and in removing the water from said goods and said store-room, and rendering the same fit for the storage and sale of the remaining goods, and in being deprived of the use of the said room in their said business while it remained in condition unfit to be so used, by reason of said water; all to the damage of said plaintiff in the sum of two thousand dollars, no part of which has been paid. That said defendant has refused and still refuses to pay plaintiff any part of said damages, and that the same are wholly unpaid. The said plaintiff therefore prays judgment against the said defendant for said sum of two thousand dollars, with interest and costs of suit."

The petition was afterwards twice amended, the first amendment being only as to the particulars of the damage sustained. The second amendment is as follows: "They allege that, by reason of the agreement of the parties made and entered into in the fall of 1887, as set forth in the petition, and as part of the consideration therefor, and by reason of the promise of the defendant then made that he would be responsible for and pay any damage that they might thereafter suffer by reason of the escape of water from the faucet in the hall above, as alleged in the petition, they entered upon the second year of said lease, and, but for said agreement and said promise of the defendant, they would

not have entered upon said second year. That the damage to the stock of goods described in the petition, and damaged as alleged therein, and for which recovery is sought in this action, was and is the sum of three thousand dollars, whereupon plaintiff prays judgment in the sum of three thousand five hundred dollars and costs.''

The answer admits certain allegations as to the lease, and puts in issue the other allegations of the petition. At the close of the plaintiff's evidence, the court, on motion of the defendant, directed a verdict for him, and the plaintiff appeals.—*Affirmed*.

*Sheean & McCarn* and *M. W. Herrick*, for appellant.

*Remley & Ercanbrack*, for appellee.

GRANGER, J.—I. The assignments of error bring in question only the correctness of the court's ruling on the admission of evidence; and, to a proper determination of the questions thus presented, we must first settle a contention in the case as to the character of the action on which recovery is sought. The appellee contends that the action is upon contract, and that only evidence proper for such a recovery was admissible, while on the other hand the appellant contends, as we understand it, in argument, that it was entitled to recover for the torts of the defendant, and to introduce evidence for that purpose.

DAMAGES: breach of contract: pleading: evidence.

The petition contains but a single count, and but a single cause of action should have been pleaded therein. Code, section 2646, provides: ''Where the petition contains more than one cause of action, each must be stated wholly in a count or division by itself, and must be sufficient in itself.'' This is a familiar and well-known rule, and pleadings should be construed as in conformity with it, unless the contrary appears. The petition, in terms, pleads a contract, a breach thereof,

that damage resulted therefrom, and asks for judgment because of it. That damage is sought in the petition because of a breach of contract, is not open to question, and is not, as we understand, questioned.

Are there two causes of action pleaded? The part of the petition, the substance of which only is stated, states what would be a cause of action based upon tort; but it is alleged, not as a basis for recovery, but as a basis for pleading a settlement, and the contract on which the recovery is sought. The damages, prior to the settlement, by the terms of the pleading, were relinquished to secure the contract for protection in the future, and the language of the petition—the part quoted—contains no words indicating a right to recover because of a neglect to observe what the law required as between landlord and tenant, but because of a failure to observe an agreement to make certain changes; and we think the pleading is not doubtful in that respect, and that it states but a single cause of action.

The settlement of the issues in the case is a practical disposition of the assignments of error as to the exclusion of evidence. The plaintiff, to recover, need only show a valid contract, a breach thereof, and the resulting damage. The testimony excluded by the court, of which complaint is made, was not material for that purpose, but was designed to establish a right of recovery for the torts of the defendant. We think, with our construction of the issues, the testimony excluded would not be regarded as material.

II. The fifth assignment is directed to the action of the court in sustaining the motion to direct a verdict for the defendant, and the appellant says in argument: "If the evidence authorized a verdict for the tort or on the contract, or, rather, if there was testimony tending to support either cause of action, then the action of the court in taking the case from the jury was error." With our construction of the pleading, we are only to inquire if there was such evidence as to require the

court to submit the case to the jury on the issue presented as to the contract and breach.  If the appellant contends that there is, we regret that it has not called our attention particularly to it.  There is some evidence that the defendant at times offered to pay damages,—told the plaintiff, when he sustained damage, to bring in his bill, and he would pay it,—and of his offer at one time to pay, and it was refused because the amount was small, but we find no evidence of a contract, as alleged in the petition, to justify the submission of the cause to the jury.  The judgment is AFFIRMED.